United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 18-12426-amc
Richard E Temple                                                    Chapter 13
Geraldine A Temple
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: Antoinett         Page 1 of 1         Date Rcvd: Dec 12, 2018
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2018.
db/jdb          +Richard E Temple,    Geraldine A Temple,    371 Cedar Avenue,    Holmes, PA 19043-1204

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2018                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2018 at the address(es) listed below:
              KEVIN G. MCDONALD    on behalf of Creditor    BANK OF AMERICA, N.A bkgroup@kmllawgroup.com
              STEPHEN VINCENT BOTTIGLIERI    on behalf of Joint Debtor Geraldine A Temple
               steve@bottiglierilaw.com, ecfnotice@comcast.net
              STEPHEN VINCENT BOTTIGLIERI    on behalf of Debtor Richard E Temple steve@bottiglierilaw.com,
               ecfnotice@comcast.net
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:     Richard and Geraldine Temple,     :     Chapter 13
                                     Debtors                         :     Case No.: 18-12426-amc

## ORDER

**AND NOW**, this ___12th___ day of ___December___, 2018, upon motion of the Debtors Richard and Geraldine Temple to avoid judicial lien and/or nonpossessory, nonpurchase money security interest in exempt real and personal property held by Absolute Resolutions VI, LLC (the "Lienholder") and identified as located at the Delaware County Court of Common Pleas under:

<u>Absolute Resolutions VI, LLC v. Richard Temple</u>, Case No. 2015-02949; and

The real property is known as 371 Cedar Avenue, Holmes, Pennsylvania 19043, and

The Debtors having asserted that the allege lien is subject to avoidance pursuant to 11 U.S.C. § 522(f)(1)(A) or (B), and

The Debtors having certified that adequate notice of the Motion was sent to the Lienholder and that no answer or other response to the Motion has been filed, it is therefore

**ORDERED** that the Motion to Avoid Lien is granted by default and the judicial lien and/or a nonpossessory, nonpurchase money security interest in real and personal property held by the Lienholder, if any, on the aforementioned property is avoided to the extent it impairs the Debtor's exemptions upon discharge.

**BY THE COURT:**

_____
**ASHELY M. CHAN,**
**UNITED STATES BANKRUPTCY JUDGE**